Daniet. Judge.
 

 After stating the case proceeded as follows:
 

 It is contended for the plaintiff, that parol evidence is inadmissible to revoke a written will; and that the witness should have been rejected on that ground— The answer to this objection is, that the act of Assembly only applies to an instrument which is finished, and was once incontestibly the writen will of the deceased; the law will not suffer such an instrument to be revoked by parol evidence. The act does not profess to prohibit parol evidence being introduced to show that a paper writing defectively executed, but still offered for probate as a will, was not in fact the will of the deceased.
 

 Secondly, the plaintiff’s counsel still contends that the testimony of the widow was properly rejected; and relies upon the case of
 
 Doker
 
 v.
 
 Haster,
 
 (21
 
 E. C. L. R.
 
 416,) when the Chief-Justice of the C. B. decided that the widow could not be asked to disclose conversations
 
 between
 
 her and her late husband, the judge observing, that the hajipiness of the marriage state required, that the confidence between man and wife should be kept for ever inviolable. The plaintiff’s counsel relies also, on (2
 
 Stark,
 
 706.) It is a rule, that the husband and wife cannot be witness for each other, for their interest is identical; nor against each other, on grounds of public policy, for fear of creating distrust and sowing dissensions between them, and occasioning perjury; but the rule should not be extended to the exclusion of truth, beyond the limits within which the reason of the law calls for it. Now the identity of interest is destroyed, by the death of either the husband or wife; there is no longer any inducement to commit perjury
 
 ;
 
 as for sowing discord, that cannot take place with one that is dead; and distrust will not bo created by apprehension.
 
 *230
 
 0f that being made known, which there was no wish to. keep secret. The case of
 
 Doker
 
 v.
 
 Hasler
 
 was decided upon the authority of
 
 Monroe
 
 v.
 
 Twistleton, (Peakes Ev. Appendix,
 
 44.) That case was one where the wife had been divorced, and the court said, if she could be permitted to give evidence of what liad been confidentially communicated to her during the marriage, to charge the man who had been her husband, in a civil action; she might also disclose confidential communications, and give evidence against him in a criminal matter; and that could never he endured; so her testimony was rejected. It does not appear to me that the case of
 
 Monroe
 
 v.
 
 Twistleton,
 
 was an authority to support the decision made in
 
 Doker
 
 v.
 
 Hasler.
 
 Furthermore, the case of
 
 Doker
 
 v.
 
 Hasler
 
 (if an authority to the extent for which it is adduced,) is at points with the case of
 
 Beveridge
 
 v.
 
 Mintor,
 
 (11
 
 E. C. L. R.
 
 521,) where it was decided that in an action of assumpsit against the executors of
 
 the
 
 husband, the widow was a competent witness to prove his admission.
 

 thÉsuhjecttifcon-fidentiai commn-SeScarbrtdoes not apply to such •Wife“-Alfalew of being by her
 
 *231
 
 such as are made as to a matter of fact to be operated upon
 
 after
 
 his death, where it must be (he wish of the husband that such operation should be according to the truth of the fact, as established
 
 by
 
 his declaration.
 

 
 *230
 
 Mr.
 
 Starkie
 
 says the principle is preserved, of adhering to the rule, even after the marriage tie has been dissolved by the death of one of the parties, (3
 
 Stark.
 
 706;) but the authority he relies on to support this proposition,
 
 Aveson
 
 v. Lord
 
 Kenniard,
 
 (6
 
 East.
 
 188,)
 
 does not
 
 bcar him out to the extent he has laid it down. I do not think, that the policy of the law forbids the introduction of the testimony which was offered by the defendant in this case.
 

 The rule upon the subject of confidential communications is not denied ; the sanctity of such communications will be protected. Persons connected by the marriage tie have, as was said at the bar, the right to think aloud in .the Presence of each other. But the question remains, what communications are to be deemed coniiden-tial? Not those> we tMnk> wbich ai‘e made to the wife, to be by her communicated to others; nor those which tlic husband makes to the wife as to a matter of fact upon which a thing is to operate after his death, when it must bc the wisl1 of the husband, that the operation
 
 *231
 
 should be according to tlie truth of the fact, as established by his declaration. Suppose a husband to disclose to his wife, that he has given to one of their child ren a horse, can she not after his death prove that as against the executor ? Suppose also that the declaration to Avhich the wife was called had been made to her and another, there is no reason why she, if she will, may not testify to it, as well as the other. Why ? Because it is then apparent that it was not confidential between the husband and wife, in the sense of the rule. The same Reason equally applies, when from the subject of the conversation, it is obvious he did not wish it concealed, but on the contrary must have desired to make it known, and through her, if he found no other means of doing so.
 

 The widow was not interested;
 
 she
 
 was not a party and had dissented from the supposed will, and had her share of both the real and personal estate assigned to her. If the supposed will was rejected, she was already provided for ; and if it should be established, she would not have less of the estate after her dissent, than she was entitled to by law, in case her husband had died intestate. Therefore,! think that neither interest nor policy stood in the way of the widow’s being introduced as a witness.
 

 There were other questions of law raised in this case but we think it unnecessary to decide them, as we are of the opinion a newtrialmust be granted, because the Superior Court rejected the evidence of the widow of the deceased on the trial of the issue.
 

 Per Curiam — JudgmeNT reversed.
 

 The first point decided in this case was also so decided in
 
 Howel
 
 v.
 
 Barden, et
 
 al. (3
 
 Dev.
 
 442.)